UNITED STATES of America,
Plaintiff-Appellee,

v.

Tom HENRY, Defendant-Appellant.

No. 82–5546
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1983.

Ed Leinster, Orlando, Fla., for defendant-appellant.

Joseph T. Urbaniak, Jr., Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

Appellant appeals his conviction in the United States District Court for the Middle District of Florida, Orlando Division, for conspiracy to possess with intent to distribute marijuana, aiding and abetting others in the possession with intent to distribute marijuana, and possession with intent to distribute marijuana. 21 U.S.C. § 841(a)(1). His sole contention on appeal is that the district court erred in failing to dismiss his indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161–74 (1976) (the Act). Finding that the appellant received a timely trial under the Act, we affirm his conviction.

I.

The facts relevant to the single issue presented in this appeal are as follows:

The appellant was originally charged on a three-count indictment filed on June 10, 1981. He was arrested and brought before a United States magistrate on September 9, 1981. During his arraignment, the magistrate issued an order governing discovery and inspection, and pretrial motions and requests. The trial was set for the criminal trial term commencing October 26, 1981.

On October 14, 1981, the government provided the appellant with a "Government Witness List;" the government also sent the appellant a letter indicating that the only physical evidence the government intended to proffer in its case-in-chief was two samples of marijuana.

A pretrial conference was held on October 19, 1981. The appellant advised the court of his inability to prepare for trial because of the government's alleged failure to comply with the magistrate's order regarding pretrial discovery. Without ruling on whether the government had failed in any of its obligations, the trial court instructed the appellant to file a motion for continuance if he desired additional time to prepare for trial, otherwise the case would proceed to trial on the date scheduled. The appellant filed his unopposed motion for continuance and on October 22, 1981, the

trial court entered its order continuing the trial date until January 11, 1982. This order shows on its face that it was entered to afford counsel "reasonable time necessary for effective preparation."

On December 17, 1981, the Federal Grand Jury in the Middle District of Florida returned a Superseding Indictment which was identical to the original indictment filed against the appellant, except for an additional count.

On December 18, 1981, the attorney for the appellant filed a second motion for a continuance, giving his vacation plans as the only reason for such request. Over the government's objection, the district court granted the motion and entered an order continuing the trial date until February 16, 1982.

Thereafter, appellant filed a motion for dismissal based upon an alleged violation of his statutory right to a speedy trial. After a hearing on the motion, it was denied on February 12, 1982.

On February 23, 1982, the attorney for the appellant filed a third motion for continuance, asserting a conflicting trial in a state case as a reason for such request. The district court granted the motion and entered an order continuing the trial of the case until March 22, 1982.

On March 22, 1982, the appellant failed to appear for his scheduled trial and the government made a motion for a bench warrant. The appellant surrendered himself on March 23, 1982.

On March 31, 1982, the appellant was found guilty as charged in the indictment on all three counts after a jury trial.

## II.

Section 3161(c)(1) of the Act requires a defendant to be brought to trial within seventy days from the filing of his indictment or from the date the defendant has appeared before a judicial officer, whichever date occurs last. The time limits of the Act are tolled by a number of exclusions provided for necessary delay occasioned by pretrial motions, proceedings and other contingencies that arise during the course of criminal prosecutions. Section 3161(h)(8)(A) excludes any period of delay "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. In determining whether to grant a continuance under section 3161(h)(8)(A) the court must consider "[w]hether the failure to grant such a continuance in a case . . . would deny the defendant reasonable time to obtain counsel . . . or would deny counsel for the defendant . . . the reasonable time necessary for effective preparation [for trial]."

In the instant case, the district court considered the above factors and concluded that the ends of justice served by granting the appellant's various motions for continuance outweighed the interest of the public and the defendant in a speedy trial. Accordingly, under section 3161(h)(8)(A), the district court granted the appellant's motions for continuances and certified as excludable time the periods of delay resulting therefrom.

The appellant does not dispute the propriety of the trial court's grant of his continuance motions. He does object to the exclusion from his speedy trial computation of the periods of delay resulting from such continuances. Specifically, appellant argues that the government's failure to comply with pretrial discovery deadlines forced him to either proceed to trial unprepared or move for a continuance of the original trial date; consequently, the period of delay resulting from the initial continuance should not be excluded from his speedy trial computation since such continuance was a product of prosecutorial dereliction. We find this argument inappropriate.

A transcript of the hearing held on October 19, 1981 reflects that appellant's counsel did complain about the government's failure to provide certain material. Counsel also had other problems and complained generally that he needed more time to prepare for trial. The trial judge, in the absence of trial counsel for the government

(an uninformed stand-in was present), advised counsel to prepare for trial as scheduled or request a continuance. Several areas were discussed including the interviewing of some thirty witnesses, possible immunity to co-defendants, earlier trials and guilty pleas of other co-defendants, the possibility of a superseding indictment, etc. As stated earlier, without ruling on any alleged delinquencies in discovery, the trial court continued the trial in order that counsel could adequately prepare. The government strongly urges that it had fully complied with all discovery orders.

Trial judges must consider those elements set forth in the Speedy Trial Act. Appropriate consideration must always be given to a multiplicity of factors, i.e. adequate time for defense counsel to prepare, number of defendants, pending motions, anticipated trial time, possible severances, conflicts in schedules of judges and trial counsel, etc. Such a list is possibly endless. Suffice it to say, a trial judge must be given broad discretion in attempting to comply with the mandates of the Speedy Trial Act and the exclusions thereto. We find no abuse of this discretion in the rulings made at the request of defense counsel and affirm the ruling that such time involved was properly excludable.

AFFIRMED.