**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank J. CIANCIOLA,**
**Defendant–Appellant.**

**No. 90–5447.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 6, 1990.

Decided Dec. 13, 1990.

Rehearing and Rehearing En Banc Denied Jan. 30, 1991.

---

W. Hickman Ewing, Jr., U.S. Atty., John Fowlkes, Asst U.S. Atty. (argued), Office of the U.S. Atty., Memphis, Tenn., for plaintiff-appellee.

Clifton Harviel, Fed. Public Defender (argued), Memphis, Tenn., for defendant-appellant.

Before KRUPANSKY and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.

MILBURN, Circuit Judge.

Defendant-appellant Frank J. Cianciola appeals his jury convictions for possession of cocaine and possession of a firearm by a convicted felon, alleging a violation of the

Speedy Trial Act, 18 U.S.C. §§ 3161–3174. For the reasons that follow, we affirm.

## I.

On July 25, 1989, Frank J. Cianciola was indicted by the Federal Grand Jury for the Western District of Tennessee. Counts I, II, and III of the five-count indictment charged Cianciola with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count IV charged him with unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), and in Count V he was charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On August 3, 1989, Cianciola's attorney made a written discovery request pursuant to Federal Rule of Criminal Procedure 16. The speedy trial plan for the Western District of Tennessee required the government to respond to a discovery request within ten days. The Assistant United States Attorney in charge of the case prepared a response letter but inadvertently failed to send it to defense counsel. During a report date conference on September 14, 1989, defense counsel informed the district court that he had not received the requested discovery material. Specifically, defense counsel sought to obtain certain tape recordings made during the investigation of this case. Defense counsel acknowledged at the conference that the government offered to let him have the original tapes earlier that day, but he declined to take them. The district court instructed the government to give defense counsel all the discovery material that day or the following day, and the court adhered to the scheduled trial date of September 25, 1989.

On September 21, 1989, Cianciola filed a motion to reset the trial date of his case. Cianciola asserted that as portions of the tapes received on September 15, 1989, were unintelligible, he retained a tape expert to enhance the speaking portions of the tapes, and the expert could not complete the enhancement by the September 25 trial date. The district court granted the motion for a continuance and stated in its order that "[t]he period from September 21, 1989, to the new trial setting is excludable delay under 18 U.S.C. § 3161(h)(8)(B) because the interests of justice in allowing defendant more time to prepare for trial outweigh the need for a speedy trial." On October 6, 1989, the district court reset the trial for November 13, 1989.

On November 3, 1989, Cianciola filed a motion to dismiss the indictment for violation of the Speedy Trial Act. Cianciola asserted that he was forced to move for the continuance on September 21, 1989, because the government failed to provide the discovery material requested on August 3, 1989. Cianciola argued that the government's lack of due diligence necessitated the continuance, and, therefore, the period of time from the continuance to the trial date of November 13, 1989, could not be excluded under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(C). The government first responded that it had replied by letter to Cianciola's request for discovery. However, at the hearing on the motion to dismiss, the government modified its response by stating that the letter written in response to Cianciola's request for discovery had inadvertently not been mailed.

On November 13, 1989, following a hearing held prior to selection of the jury, the district court denied Cianciola's motion to dismiss. The court found that the government's failure to provide discovery was inadvertent, and that Cianciola intentionally chose not to petition the court pursuant to Federal Rule of Criminal Procedure 16(d)(2) to secure the government's compliance with the discovery request. The court stated that Cianciola appeared to have made a tactical decision on the basis of the Speedy Trial Act, but the court concluded "that requirements are placed on both parties to move forward in an effort to be ready to proceed." The court further stated that "[h]ad there been more of an open request by the defendant and possibly more attention by the Assistant United States Attorney and his office to those requests, the matter would have been ready for trial at the date set."

The jury trial commenced on November 13, 1989, and on November 15, 1989, the jury returned guilty verdicts as to Counts I, II, III, and V, and a verdict of not guilty as to Count IV. A judgment including sentence was entered on March 9, 1990, under which Cianciola was sentenced to twelve years imprisonment to be followed by three years of supervised release, and a special assessment of $200 was imposed. This timely appeal followed.

The principal issue on appeal is whether the district court erred by denying the motion to dismiss for violation of the Speedy Trial Act.

## II.

"The Speedy Trial Act requires that a defendant be brought to trial within seventy days following (1) his indictment or (2) first appearance before the court, whichever occurs later." *United States v. Monger*, 879 F.2d 218, 220 (6th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 552, 107 L.Ed.2d 548 (1989). However, the Act provides for the exclusion of certain periods of time from the calculation of the seventy-day period. *See* 18 U.S.C. § 3161(h). "Section 3161(h)(8) of the Act specifically excludes from the statutory time limits any delay resulting from a continuance which is granted based on a judge's finding that the 'ends of justice' outweigh the interests of the public and the defendant in a speedy trial." *Monger*, 879 F.2d at 220. The decision to grant a continuance under the Act and to exclude the delay is a matter of discretion for the district court, and "to obtain a reversal of the district court's decision, a defendant is required to prove actual prejudice." *Id.* at 221.

Cianciola asserts that "the sole issue on appeal is whether the district court's exclusion of the time from [the continuance] to the trial date was justified under the 'ends of justice' exclusion in ... Section 3161(h)(8)." Appellant's Brief at 11. Cianciola contends that the time from the continuance to the trial date should not have been excluded because he was forced to seek the continuance by the government's failure to provide timely discovery. Cianci-

ola relies in part on *United States v. Crane*, 776 F.2d 600, 605 (6th Cir.1985), in which we observed that "section 3161(h)(8)(C) prohibits the government's lack of preparation from being a reason for granting an excludable continuance." Because the district court stated that this case would have been ready for trial on September 25, 1989, had there been "possibly more attention" by the government to the discovery request, Cianciola asserts that the continuance was caused by the government's lack of diligent preparation, and this precludes excluding the delay caused by the continuance from the seventy-day period.

Cianciola asserts that the government's failure to timely respond to his discovery request was the sole cause of the continuance, but the district court found that Cianciola made a tactical decision to use the Speedy Trial Act by not petitioning the court pursuant to Federal Rule of Criminal Procedure 16(d)(2) to secure the government's compliance with his discovery request. Thus, the record in this case does include a suggestion of "sandbagging" by the defendant. *Cf. Crane*, 776 F.2d at 605 (no evidence of "sandbagging" in the record). Although a defendant does not have a duty to bring himself to trial, the Speedy Trial Act was not intended "to provide defendants with tactics for ensnaring the courts into situations where charges will have to be dismissed on technicalities." *United States v. Bufalino*, 683 F.2d 639, 646 (2d Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983).

Cianciola acknowledges that lack of diligence by defense counsel may justify a continuance, but he notes that in *Crane* we held that a defense counsel's failure to comply with "housekeeping orders" would not toll the running of the Speedy Trial Act. 776 F.2d at 605. Cianciola asserts that he had no duty to petition the court to compel compliance with the discovery request since the Speedy Trial Act does not require a defendant to take affirmative steps to insure that he will be tried in a timely manner. *See United States v. Tunnessen*, 763 F.2d 74, 79 (2d Cir.1985). On

the other hand, Cianciola notes that in *Crane* the government's failure to comply with the court's standing orders concerning pretrial preparation was found to indicate a lack of diligent preparation by the government, which is a prohibited reason for granting an excludable continuance. 776 F.2d at 605. Cianciola argues that the government violated the speedy trial plan for the Western District of Tennessee by failing to respond to his discovery request within ten days. Thus, Cianciola contends that the continuance caused by the government's violation of the local rule precludes excluding the period of time under the "ends of justice" provision.

■■■ The government's failure to comply with the local rule of the Western District of Tennessee requiring a response to a discovery request within ten days does not establish a violation of the Speedy Trial Act. In *United States v. Robertson*, 810 F.2d 254, 260 (D.C.Cir.1987), the government failed to respond to a pre-trial motion within five days as required by the local district court rule. The court held that the Speedy Trial Act did not incorporate time limits set out in local rules. Therefore, the court held that the delay in excess of the local time limit was nevertheless excludable from the seventy-day period of the Speedy Trial Act. *Id.* at 261. Similarly, the government's failure to comply with the local rule in this case does not preclude excluding the delay from the speedy trial computation.

Cianciola also argues that the district court failed to make the findings required for granting an "ends of justice" continuance. Cianciola asserts that although the judge need not enter his findings at the time the continuance is granted, "[t]he reasons stated by the judge in his findings must actually have been the factors motivating his decision to grant the continuance." *Crane,* 776 F.2d at 606. Cianciola contends that the findings made by the district court upon denying his motion to dismiss the indictment were made "after the fact" and cannot support granting an excludable continuance.

■■ "In reviewing the district court's granting of an 'ends of justice' continuance, we must first determine whether the district court set forth its reasons that the interests served by the continuance outweighed the defendant's and society's interests in a speedy trial." *Monger,* 879 F.2d at 221. "The Act requires the district court to consider several factors when determining whether to grant a continuance under section 3161(h)(8)." *Id.* The factors, among others, which the district court must consider are whether the failure to grant the continuance would likely make a continuation of the proceedings impossible or result in a miscarriage of justice; whether the case is so complex that it is unreasonable to expect adequate preparation for pre-trial proceedings within the time limits of the Act; whether failure to grant the continuance would deny the defendant time to obtain counsel, or would deny the government or the defendant continuity of counsel, or would deny counsel reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). The district court must "set forth its reasons for granting an 'ends of justice' continuance on the record, either orally or in writing." *United States v. Richmond,* 735 F.2d 208, 215 (6th Cir.1984). Although the findings need not be included in the record at the time the continuance is granted, the reasons stated in the findings "must actually have been the factors motivating his decision to grant the continuance." *Crane,* 776 F.2d at 606.

■■ In *Richmond,* the district court ordered a continuance but did not enter the findings required by section 3161(h)(8) until after the defendant moved to dismiss the indictment for violation of the Speedy Trial Act. We held that the district court erred by excluding the time of the continuance under the "ends of justice" exception because nowhere in the order granting the continuance or in the order denying the motion to dismiss did the district court indicate that it had made the requisite findings prior to granting the continuance. *Richmond,* 735 F.2d at 216. We applied the same reasoning in *Crane. See* 776 F.2d at 606–07.

The present case is distinguishable from *Richmond* and *Crane*. In this case, the district court stated in its order granting the continuance that the period from the continuance to the new trial would be excludable delay under section 3161(h)(8)(B) because the interests of justice in allowing defense counsel more time to prepare for trial outweighed the need for a speedy trial. Thus, the district court granted the continuance on the basis of a factor listed in section 3161(h)(8)(B)(iv). At the hearing on the motion to dismiss, the district court made more specific findings on the record to justify excluding the continuance period. *See United States v. Brooks*, 697 F.2d 517, 522 (3d Cir.1982), *cert. denied*, 460 U.S. 1071, 103 S.Ct. 1526, 75 L.Ed.2d 949 (1983) (judge's later statements explained decision to grant "ends of justice" continuance). At the hearing, the district judge stated, "I excluded the time necessitated by the continuance and that exclusion was, in my opinion, justified at the time and it is justified today." Therefore, this is not a case in which the continuance was converted retroactively into a continuance creating excludable time. *See Richmond*, 735 F.2d at 216.

■ Cianciola asserts that the time from the continuance to the new trial date should not be excluded from the seventy-day period because the government's failure to provide timely discovery caused him to seek the continuance. A similar argument was made by the defendant in *United States v. Anderson*, 902 F.2d 1105, 1109 (2d Cir.1990). In *Anderson*, the defendant argued that no time should be excluded from the seventy-day speedy trial period on the basis of a suppression motion he made "because the government's failure to comply with the discovery provisions of the pretrial order compelled him to bring his motion." *Id.* The court rejected the defendant's argument by noting that the government's failure to provide discovery material had not been "chronic" or in bad faith. *Anderson*, 902 F.2d at 1109.

Similarly, in *United States v. Henry*, 698 F.2d 1172 (11th Cir.1983) (per curiam), the defendant moved for a continuance after advising the court "of his inability to prepare for trial because of the government's alleged failure to comply with the magistrate's order regarding pretrial discovery." The district court did not rule on whether the government failed to fulfill its discovery obligations, but the court granted the continuance and stated in its order that the continuance was entered to afford counsel reasonable time necessary for effective preparation. *Id.* at 1173. After obtaining a second continuance, the defendant filed a motion to dismiss alleging violation of the Speedy Trial Act, but the motion was denied.

On appeal, the defendant in *Henry* argued that the district court improperly excluded the delay caused by the continuances from the speedy trial computation. The defendant asserted "that the government's failure to comply with pretrial discovery deadlines forced him to either proceed to trial unprepared or move for a continuance of the original trial date." *Id.* The Eleventh Circuit rejected this argument as "inappropriate." *Id.* The court noted that although the defendant did complain about the government's failure to provide certain material, defense counsel "also had other problems and complained generally that he needed more time to prepare for trial." *Id.* The court also noted that the district court did not rule on any alleged delinquencies in discovery, and the government asserted that it fully complied with all discovery orders. *Id.* at 1174. The court observed that "a trial judge must be given broad discretion in attempting to comply with the mandates of the Speedy Trial Act and the exclusions thereto." *Id.* Accordingly, the court held that the district court did not abuse its discretion by excluding the delay caused by the continuance from the speedy trial computation.

■ In the present case, as in *Anderson*, there is no evidence that the government committed chronic discovery abuses or acted in bad faith. To the contrary, the district court found that the government inadvertently failed to comply with the discovery request. Furthermore, as earlier stated, the district court found that Cianci-

ola's attorney made a tactical decision not to petition the court pursuant to Rule 16(d)(2) to obtain the discovery material. Moreover, a defendant must prove actual prejudice in order to obtain a reversal of the district court's decision to grant an excludable continuance, and Cianciola has "failed to show that actual prejudice resulted from the delay." *Monger*, 879 F.2d at 222. Recognizing the broad discretion granted to the district court to comply with the mandates of the Speedy Trial Act, we hold that the district court did not abuse its discretion by excluding the delay caused by the continuance from the seventy-day period.

### III.

Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.