**UNITED STATES of America, Plaintiff,**

**v.**

**William M. HOWSE, and Sarah Hefron, Defendants.**

**No. 92–CR–132A.**

United States District Court, D. Utah, C.D.

Aug. 27, 1992.

Bruce C. Lubeck, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff.

Mary C. Corporon, Corporon & Williams, Salt Lake City, Utah, for defendant Sarah Hefron, a/k/a Sarah Howse.

Jerold D. McPhee, Mooney & Associates, Salt Lake City, Utah, for defendant William M. Howse.

## ORDER

ALDON J. ANDERSON, Senior District Judge.

This case is currently before the court on defendants' motion to dismiss the indictment for violation of defendants' Sixth Amendment right to a speedy trial, or alternatively, to include in the statutory speedy trial period the time during which the government failed to provide to defendants documents the court had ordered it to provide.

### Facts

On April 23, 1992, defendant William M. House was indicted on six counts of distribution of controlled substances in violation of 21 U.S.C. § 841. On that same date, defendant Sarah Hefron was charged by the same indictment of one count of distribution of a controlled substance. On April 27, defendants were arrested and appeared before a United States Magistrate Judge in Vernal, Utah. On April 30, defendants each entered pleas of not guilty to the charges of the indictment. Trial was initially scheduled for June 29, 1992.

On June 12, 1992, the court granted defendants' oral motion to continue the jury trial and re-set the trial to August 4, 1992. On June 22, 1992, defendants moved to suppress statements made by them after their arrests on the grounds that those statements were obtained in violation of their Fifth Amendment rights. An evidentiary hearing on the motion to suppress was held on July 9. At the conclusion of that hearing, the court ordered that a transcript of the hearing be prepared and made available to the defendants and also ordered the government to provide to defendants the field notes of a FBI agent who testified at the hearing.

On July 28, 1992, defendants moved to continue the trial which was then set for August 4 on the basis that, as of July 28, neither the transcript nor the field notes

had been provided to defendants. Noting that, upon receipt of the transcript and field notes, defendants would be allowed five days thereafter to submit supplemental memoranda on the motion to suppress, defendants specifically requested in their motion that the trial be continued for "at least six weeks, to enable counsel for all parties to complete the necessary briefing." The court granted the motion to continue the trial "for at least six weeks" from August 4.

Finally, on August 10, 1992, defendants moved to dismiss the pending indictment because of a violation of the Sixth Amendment. Alternatively, defendants move the court to include, for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the time period from the date of the evidentiary hearing to the date the field notes ultimately were provided, August 4, 1992. The basis for the motion to dismiss is that the FBI agent's field notes were not timely provided. Defendants allege that they were precluded from preparing their supplemental memoranda on the motion to suppress until they received the field notes. Thus they argue that the government's failure to timely produce the notes has prejudicially delayed the trial and the indictment should consequently be dismissed. In response, the government acknowledges that it was somewhat unpunctual in producing the field notes. The government, however, argues that its tardiness was not the product of intentional or dilatory conduct but, rather, resulted from clerical oversight, and the motion to dismiss or to count the time required to produce the notes against the speedy trial time period should not be granted. Additionally, the government alleges that the field notes were not essential to preparation of defendants' supplemental memoranda and no delay in the submission of those memoranda can be attributed to the government.

*Discussion*

*1. Speedy Trial Act*

According to the terms of the Speedy Trial Act,

[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). In the present case, the seventy-day speedy trial period began running on the date defendants were first brought before a judicial officer, April 27, 1992. Thus, trial in the matter should have commenced no later than July 6, 1992.

The Speedy Trial Act sets forth several circumstances in which delays in the pretrial stage of the case may be excluded from calculation in the seventy-day period. Most relevant to the present dispute is the statutory exclusion for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). Defendants' motion to suppress is obviously a pretrial motion. Thus, under the unambiguous language of the statute, the time period from the filing of the motion up to and including the hearing or other prompt disposition of such motion is excluded from the speedy trial period.

■ Implicit in defendants' Speedy Trial Act argument is their agreement that, under normal conditions, the pendency of a pretrial motion will toll the speedy trial period. Nevertheless, defendants argue that, where the government's actions frustrate the policy of the Speedy Trial Act by unnecessarily and prejudicially prolonging pretrial motions, the exclusion for those motions becomes partially or totally inapplicable. The court's study of the cases reveals that the rule relied on by defendants has been recognized by some courts. *See, e.g., United States v. Williams,* 711 F.2d 748, 751 (6th Cir.) (delay during pendency of motions can constitute a violation of the Speedy Trial Act if there is evidence of intentional prosecutorial delay and actual prejudice), *cert. denied,* 464 U.S. 986, 104

S.Ct. 433, 78 L.Ed.2d 365 (1983).[1]  However, the rule that appears to be more consistent with the current position of the Supreme Court and this circuit is that the exclusion provided for by section 3161(h)(1)(F) is an automatic exclusion that applies regardless of the reasonableness of the amount of time between the filing of the motion and the hearing on the motion. *Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986); *see also United States v. Tranakos,* 911 F.2d 1422, 1427 (10th Cir.1990) ("The Supreme Court held in *Henderson* that section 3161(h)(1)(F) applies to the entire period a motion is pending.").  Moreover, in implementing this rule, the time period after a hearing on a motion but where the court is awaiting supplemental briefing from the parties, is regarded as equally excludable under the statute. *Henderson,* 476 U.S. at 331, 106 S.Ct. at 1877.  In essence, defendants' argument is that the government's delay in providing the field notes resulted in creating an unreasonable delay between the filing of the motion and the completion of briefing by the parties.  The court believes this argument is simply untenable in light of *Henderson* and *Tranakos.*

### 2. Sixth Amendment

The Supreme Court has set forth the following four factors to consider in determining whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial, and (4) the degree of prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972); *Tranakos,* 911 F.2d at 1427.  The Tenth Circuit has held that the first factor, the length of the delay, is "a triggering mechanism" and "only if the period is 'presumptively prejudicial' need [the court] inquire into the other factors." *Tranakos,* 911 F.2d at 1427 (citing *Barker v. Wingo,* 407 U.S. at 530, 92 S.Ct. at 2191).

■ On these facts, defendants' claim that their Sixth Amendment right to a speedy trial has been abrogated cannot survive the first prong of the analysis.  At most, the delay that can be attributed to the government due to is failure to provide the field notes is that from July 9 to August 4, a period of only twenty-five days.  This is not a presumptively prejudicial delay. *Cf. United States v. Hay,* 527 F.2d 990, 994 (10th Cir.1975) (further analysis triggered by seventeen-month delay in prosecution); *Tranakos,* 911 F.2d at 1427 (further analysis triggered by delay of approximately six years).

■ Even assuming that the delay were presumptively prejudicial, the explanation of the delay—clerical oversight or even simple negligence, is not sufficient to constitute a Sixth Amendment violation. *See, e.g., Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192 ("A more neutral reason such

1. Even in those jurisdictions that have adopted the rule relied on by defendants, when the governmental action allegedly delaying the proceeding takes the form of a failure to comply with a discovery request or order, there must be some evidence of chronic delay or bad faith before the period of delay will be counted in the seventy-day period. *See United States v. Cianciola,* 920 F.2d 1295, 1300–01 (6th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2830, 115 L.Ed.2d 1000 (1991); *United States v. Hastings,* 847 F.2d 920, 922 (1st Cir.), *cert. denied,* 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988); *United States v. Anderson,* 902 F.2d 1105, 1109 (2nd Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 182, 112 L.Ed.2d 146 (1990). Additionally, even if chronic delay or bad faith is present, the defendant must prove actual prejudice to justify inclusion of presumptively excludable time. *Cianciola,* 920 F.2d at 1301.

The court is convinced by the affidavit submitted by the Assistant United States Attorney that the government's failure in this case to promptly comply with the court's discovery order was the product of inadvertence and simple negligence.  There is no factual basis for the conclusion that the government's delay was chronic, intentional or the result of bad faith.  To the contrary, the record demonstrates that, when the government attorney learned that the field notes had not been provided to defendants as he supposed they had, he immediately sent copies with a letter apologizing for and explaining the delay.  On these facts, even applying the rule urged by defendants, there is no basis to deviate from the statutory guideline that time during the pendency of pretrial motions shall be excluded from the seventy-day Speedy Trial Act time period.

as negligence ... should be weighted less heavily" against the government); *United States v. Juarez–Fierro,* 935 F.2d 672, 675 (5th Cir.1991) (absent allegation of governmental misconduct or improper dilatory tactics, suggestion that government has acted negligently resulting in delay will not weigh in favor of a constitutional violation).

There is accordingly no violation of defendants' Sixth Amendment right to a speedy trial. The motion to dismiss or to include the time of the delay in the speedy trial period is DENIED.

IT IS SO ORDERED, ADJUDGED AND DECREED.