991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Council ROBINSON, Defendant-Appellant.
 No. 91-5851.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 1, 1992
Decided: April 7, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CR-89-352-2)
 Argued: Edmund Heyward Robinson, Shimel, Ackerman, Theos, Spar & Robinson, Charleston, South Carolina, for Appellant.
 Albert Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 On Brief: John S. Simmons, United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 John Council Robinson, indicted federally on November 9, 1989, first appeared before the magistrate on November 27, 1989. After numerous delays, he was tried on October 30, 1990. Prior to the commencement of trial, Robinson moved to dismiss the indictment alleging that his rights under the Speedy Trial Act had been violated. Finding no speedy trial violation, the district court proceeded with the trial. Robinson was found guilty on all counts on November 1, 1990 and was sentenced on July 25, 1991. Seeking to set aside his conviction and sentence, he argues again that his right to a speedy trial has been violated.
 
 
 2
 We find no violation of the Speedy Trial Act and, therefore, affirm.
 
 I.
 
 3
 Robinson and co-defendant Delores Mitchell were arrested March 30, 1989 on state warrants charging various drug offenses. Thereafter, prosecution was adopted federally. A federal grand jury returned an indictment on November 9, 1989; a bench warrant was issued by the United States magistrate the same day. Robinson, represented by attorney James Moss, first appeared before the magistrate on November 27, 1989. Although he was a resident of Florida, the only address Robinson gave the court and the only address placed upon his bond form and upon the acknowledgement of the Order Setting Conditions of Release was Route 1, Box 30, Yemassee, S.C.[1] One of the conditions of release was that Robinson not "change his mailing address or place of residence without permission of the Court." The Yemassee address, in turn, was placed on the court docket sheet.
 
 
 4
 On December 19, 1989, Robinson's attorney filed a motion to suppress evidence seized during a search and a motion to compel production under Rules 16, 12, and 6 of the Federal Rules of Criminal Procedure. A pretrial conference was scheduled for January 4, 1990, then recalendared for January 12th. Robinson failed to appear at this conference and a bench warrant was issued January 26, 1990. The government's motion to proceed with trial in absentia was granted; but when the case was called on February 6, 1990, Robinson's motion for severance was allowed and the trial proceeded only as to Mitchell. Mitchell's trial was aborted when her counsel developed a conflict of interest.
 
 
 5
 In late March or early April, 1990, Robinson was surrendered by his surety. Prior to a hearing on the motion to suppress, a superseding indictment was filed on April 10, 1990, which contained nine counts, seven of which were identical to the counts in the first indictment. In the two new counts, co-defendant Luther Goode was also named. Moss moved to withdraw as counsel on April 13, 1990. Robinson was arraigned on the new indictment April 25th. At arraignment, Moss agreed to remain as counsel for an additional ten days while Robinson sought new representation.
 
 
 6
 At Robinson's request, a continuance was granted at a pretrial conference on May 22, 1990. Although docket notes reflect that a proposed order concerning the continuance was to have been submitted to the court, the record does not indicate that order was ever submitted.
 
 
 7
 Robinson, through his new counsel, Mark Archer, filed various motions on July 11, 1990. At a pretrial conference on July 12th, Robinson's request to appear pro se was allowed and Mr. Archer was designated "stand-by" counsel. During the hearing, Robinson requested and the court granted another continuance. Subsequent to the May and July continuances, the court stated in a written order that the continuances had been granted "out of fairness to Robinson because of his inability to retain counsel." Joint Appendix (J.A.) at 69.
 
 
 8
 Present counsel, Edmund Robinson, was appointed July 27, 1990, and motions were filed at a pretrial conference on August 23rd. The motions were heard and ruled upon on August 30th. A jury was to have been drawn for the trial September 5, but co-defendant Goode was not present. Because Goode was not present, the court continued the case. On October 7, 1990, Robinson filed a motion to dismiss for failure to receive a speedy trial.[2] The motion was heard on October 9th. Jury selection was also held on October 9th. On October 29th, the court entered an order denying the motion to dismiss.
 
 
 9
 On October 30, 1990, the government dismissed the superseding indictment and proceeded to trial against Robinson alone (Mitchell having previously been tried separately). He was found guilty of all charges on November 1, 1990.
 
 II.
 
 10
 A total of seventy non-excludable days from the filing date of an indictment (or from the date the defendant has first appeared before a judicial officer of the court where the charge is pending, whichever occurs last) to the commencement of trial must elapse before a criminal defendant's speedy trial rights have been violated. 18 U.S.C. § 3161(c)(1). Periods of time may be excluded from the seventy day calculations for a variety of reasons. See § 3161(h).
 
 
 11
 Robinson argues that he was not tried within seventy nonexcludable days. The standard of appellate review for 18 U.S.C. § 3161 determinations is clear error for the district court's factual findings and de novo for questions of law. See United States v. Henderson, 746 F.2d 619, 622 (9th Cir. 1984), aff'd, 476 U.S. 321 (1986).
 
 
 12
 In calculating excludable periods, the district court found that the speedy trial clock began anew under 18 U.S.C. § 3161(k)(1) when Robinson failed to attend the January 12, 1990 hearing and remained "unavailable" for more than twenty-one days.[3] Specifically, the court found that:
 
 
 13
 [u]nder the statute, "absence" requires that the whereabouts of the defendant are unknown and either that the defendant was attempting to avoid capture or that due diligence would not show the defendant's location. "Unavailability" under the statute requires that the defendant's whereabouts are known, but that the defendant's presence cannot be obtained with due diligence. Since Robinson listed his address as Yemassee and did not notify anyone, including the Probation Office, of a different address, the court finds that he was unavailable for purposes of the Act. Therefore, the time between January 12 and late April is excludable. Since the defendant was unavailable for more than twenty-one (21) days, the speedy trial clock started over. 18 U.S.C. § 3161(k)(1).
 
 
 14
 J.A. at 68.
 
 
 15
 Robinson first argues that the district court erred in denying his motion to dismiss the indictment for violation of the Speedy Trial Act because there was insufficient evidence in the record to support the court's finding that Robinson was "unavailable" within the meaning of 18 U.S.C. § 3161(h)(3)(B) between January 12, 1990, and late April of that year. Robinson further argues that even if there were sufficient evidence to support a finding of "unavailability," the trial court erred in restarting the trial clock under § 3161(k)(1) because that subsection applies only to defendants found to be absent as opposed to unavailable.
 
 
 16
 From the record and the wording of the district judge's order, it appears that the judge inadvertently used the word"unavailable" in restarting the clock pursuant to § 3161(k)(1) when his factual determinations supported a finding of "absence," i.e., (1) that Robinson's actual whereabouts were unknown, and (2) that Robinson was effectively attempting to avoid prosecution through the acts of giving a false address and failing to abide by the conditions of his bond. Whether Robinson was absent or unavailable is not, however, an inquiry which must be undertaken here to determine that the Speedy Trial Act was not violated. This court may affirm a judgment on any basis for which there is a sufficient and undisputed trial record to permit conclusions of law, notwithstanding that the reason was not addressed below. Thigpen v. Roberts, 468 U.S. 27, 29-30 (1984); In re A.H. Robins Co., Inc., 880 F.2d 709, 748 (4th Cir.), cert. denied, 493 U.S. 959 (1989); Stern v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 603 F.2d 1073, 1093 (4th Cir. 1979).
 
 
 17
 In this case, the record is clear that a motion to suppress was filed twenty-one days after the defendant's first appearance. While that motion was pending, Robinson failed to appear for a hearing. Prior to the motion being heard, a superseding indictment was returned and the defendant arraigned upon the superseding indictment without the original indictment being dismissed or the motion to suppress being withdrawn. In Henderson v. United States, 476 U.S. 321, 330 (1986), the Supreme Court held that pursuant to § 3161(h)(1)(F) all time from the filing of a motion until conclusion of the hearing necessitated by the motion was excludable regardless of whether the hearing was held within a reasonable time. Thus, the time from December 19, 1989 through the date of arraignment on the superseding indictment, April 25, 1990, was excludable.
 
 
 18
 The clock started again on April 25, 1990 and continued running for twenty-six days until Robinson's motion for a continuance was granted on May 22, 1990. Robinson's next motion for a continuance was granted at a pre-trial hearing on July 12, 1990, when Robinson elected to proceed pro se and to have attorney Mark Archer's participation limited to that of stand-by counsel. In its order of October 29, 1990, the court stated that it had granted both continuances in the interest of justice "out of fairness to Robinson" because of Robinson's difficulty obtaining counsel.
 
 
 19
 With regard to the continuances granted at defendant's request due to lack of counsel, we perceive no error in the court's assessment of the facts or the requirements of the Speedy Trial Act. Continuances are expressly sanctioned by the Act in order to allow a defendant reasonable time to obtain counsel, to allow reasonable continuity of counsel, and to allow reasonable time necessary for effective trial preparation. 18 U.S.C. § 3161(h)(8)(B)(iv). See United States v. Cianciola, 920 F.2d 1295, 1299 (6th Cir. 1990), cert. denied, __ U.S. __ , 111 S.Ct. 2830 (1991). That the trial court did not enter contemporaneous findings at the time the continuances were granted, but did so in a later order, does not affect excludability. See United States v. Carey, 746 F.2d 228, 230 n.2 (4th Cir. 1984), cert. denied, 470 U.S. 1029 (1985) (continuance granted for valid reason before expiration of time and substantiated later validly excludes the time it encompasses).
 
 
 20
 In this case, Robinson had still not settled on representation at the July 12, 1990 hearing because, less than two weeks later, he appeared before the court at a status conference on July 25, 1990 and requested appointment of counsel. Present counsel was appointed on July 27, 1990 and filed a motion to suppress on August 23, 1990. The time from July 12, 1990 until August 30, 1990 when the motion to suppress was heard and decided was properly excluded. 18 U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(B)(iv). The court is mindful that counsel appointed on July 27, 1990 was the third lawyer involved in the case. To have started the trial clock on July 27, 1990 would have denied defendant and his lawyer the reasonable time to adequately prepare for trial as contemplated by the Speedy Trial Act. § 3161(h)(8)(B)(iv).
 
 
 21
 The clock ran for five days from August 30, 1990 until September 5, 1990 when co-defendant Goode failed to show up for jury selection and the case was continued until October 9, 1990 when a jury was selected. If there is a period of delay excludable for one co-defendant, it applies as an excludable period of delay for the other. United States v. Mayes, 917 F.2d 457, 460 (10th Cir. 1990), cert. denied, __ U.S. __, 111 S.Ct. 1087 (1991); United States v. Pena, 793 F.2d 486, 489 (2nd Cir. 1986); United States v. Van Brandy, 726 F.2d 548, 551 (9th Cir. 1984). The time from September 5th until October 9th was thus properly excluded due to the unavailability of co-defendant Goode. 18 U.S.C. § 3161(h)(3).
 
 
 22
 In all, a total of fifty-two non-excludable days elapsed from arraignment on the original indictment until jury selection. We agree with the district court that the Speedy Trial Act was not violated and find, therefore, that the judgment of the district court should be
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 During the hearing on his motion to dismiss, Robinson testified that he claimed to live in Yemassee, thinking a local address would increase his chance of being released on bond
 
 
 [2]
 The motion by its terms was directed only to counts 3 through 7 of the superseding indictment. This constitutes no problem, however, because these were the counts of the original indictment, which are the counts on which Robinson was ultimately tried
 
 
 [3]
 Subsection 3161(k)(1) provides:"If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs more than 21 days after the day set for trial, the defendant shall be deemed to have first appeared before a judicial officer of the court in which the information or indictment is pending within the meaning of subsection (c) on the date of the defendant's subsequent appearance before the court." (Emphasis added)
 Subsection 3161(h)(3)(B) provides the definitions of both "absent" and "unavailable" as follows: "[A] defendant ... shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.... [A] defendant ... shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." (Emphasis added)