996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank Joseph CIANCIOLA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6659.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Frank Joseph Cianciola, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Cianciola in November 1989 of three counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 144 months imprisonment and three years supervised release. In imposing this sentence, the district court departed downwards from the sentencing range called for by application of the career criminal provision of U.S.S.G. § 4B1.1. A panel of this court affirmed Cianciola's conviction on direct appeal. United States v. Cianciola, 920 F.2d 1295 (6th Cir.1990), cert. denied, 111 S.Ct. 2830 (1991).
 
 
 4
 In his motion to vacate, Cianciola presents four grounds for relief: (1) the government failed to give notice of its intent to seek a sentence enhancement as required under 21 U.S.C. § 851; (2) the trial court erred in applying criminal history category VI after determining not to apply the career criminal provision; (3) the career criminal provision is not applicable to violations of § 922(g)(1); and (4) trial counsel rendered ineffective assistance by failing to object to the sentence enhancement. The district court summarily denied Cianciola's motion pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, in an order filed August 26, 1992. The district court determined that the sentencing guidelines do not require the government to file an information pursuant to § 851 and that counsel was not ineffective in failing to object to the application of § 4B1.1.
 
 
 5
 On appeal, Cianciola continues to argue the merits of his grounds for relief.
 
 
 6
 Upon careful review, we affirm the district court's judgment because Cianciola has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Cianciola is not entitled to relief based upon the government's failure to file an information stating in writing the previous convictions relied upon for sentence enhancement. Section 851, which calls for such notice, applies only in cases where sentence enhancement is statutorily imposed pursuant to § 841(b)(1). Cianciola's sentence enhancement was not based upon § 841(b)(1), but upon the career offender provision of the sentencing guidelines. "Under the Sentencing Guidelines, there is no requirement that an information be filed in order to apply the career offender provisions." United States v. Meyers, 952 F.2d 914, 918 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992). See also United States v. Day, 969 F.2d 39, 48 (3d Cir.1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991), cert. denied, 112 S.Ct. 977 (1992); United States v. Wallace, 895 F.2d 487, 489-90 (8th Cir.1990).
 
 
 8
 Cianciola's second argument relies upon the district court's alleged determination not to apply the career offender provision. This premise is simply incorrect. The district court clearly found § 4B1.1 to be applicable. However, it then departed downwards from the sentencing range reached under the career offender provision, to Cianciola's substantial benefit.
 
 
 9
 Because the district court correctly applied the career offender provision to Cianciola's drug conviction, his third argument, relating to application of § 4B1.1 to his felony firearm conviction, is moot.
 
 
 10
 Cianciola's ineffective assistance of counsel claim must also fail. Counsel's performance in not objecting to the lack of filing of an information under § 851 was not deficient because such an information was not required. Thus, Cianciola does not even meet the first prong of the test established by Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 11
 Accordingly, the district court's judgment, entered September 11, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation