UNITED STATES of America,
Plaintiff-Appellee,

v.

Stuart R. CRANE, Defendant-Appellant.

No. 84–1849.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1985.

Decided Nov. 7, 1985.

John C. Carlisle (argued), Grosse Pointe, Mich., for defendant-appellant.

Richard Delonis (argued), Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

By this appeal, the defendant-appellant, Stuart R. Crane, challenges an order by the Federal District Court for the Eastern District of Michigan denying Crane's motion to dismiss the indictment for failure to commence the trial within seventy days of Crane's arraignment as required by the Speedy Trial Act. 18 U.S.C. § 3161(c)(1)

(1982). Because we agree that the Speedy Trial Act's time limit was not respected, we reverse the District Court's order.

## I.

On April 12, 1984, a federal grand jury returned an indictment charging Crane with four counts of tax evasion in violation of 26 U.S.C. § 7201 (one count for each year from 1977 through 1980), one count of obstructing justice in violation of 18 U.S.C. § 1503, and one count of making false declarations before a grand jury in violation of 18 U.S.C. § 1623. Pursuant to the indictment, Crane was arrested and arraigned on April 13, 1984. He pleaded not guilty to all six counts of the indictment.

On June 19, 1984, Crane's counsel and the attorney for the government received notice that the case had been set for trial on June 20, 1984. Subsequently, they were informed that the June 20 date was for a pretrial conference only rather than for the trial itself. At the pretrial conference, Crane's counsel raised the fact that the Speedy Trial Act's seventy-day limit was about to expire. At that time the trial judge and the attorneys for both sides thought that June 20 was the seventieth day. (Actually, June 22, 1984 was the seventieth day.) Upon inquiry by the judge, Crane's counsel stated that he was ready for trial but would require some time to find his client, who was not present at the pretrial conference. The attorney for the government said that he could not be ready that day. He pointed out that pretrial discovery and final preparation of exhibit and witness lists had not yet been completed. The attorney for the government also stated that Crane's counsel had told him earlier that he could not be ready for trial by July 5, 1984, and that Crane would be seeking a continuance.

The judge indicated that he would be leaving the country on June 21 and, upon his return, would be presiding over another trial until July 3. He set the trial date for July 5, 1984, and directed the attorneys for both sides to complete the remaining pre-

trial matters by specified deadlines in advance of the trial date.

Later in the day on June 20, the judge discovered that the seventy-day period did not expire until two days later on June 22. That afternoon, the judge instructed a United States Magistrate to begin voir dire in the case on June 21 but not to swear in the jury or proceed further with the trial. Voir dire began before the magistrate on June 22, 1984, over Crane's objection that this procedure was a "false start" and an attempt to circumvent the Speedy Trial Act. After voir dire the jury was not sworn in, and the trial was recessed until July 5, 1984.

On July 5, 1984, the judge again presided over the trial. Crane moved to dismiss on the ground that the Speedy Trial Act's seventy-day limit had expired before the trial commenced. The judge stated that the arrangement with the magistrate to have the jury impaneled on June 22 had been "an inappropriate effort to begin the trial within the 70 days...." However, the judge ruled that the delay from June 20 to July 5 had been a continuance granted in accordance with the terms of the Speedy Trial Act and that the Act's seventy-day period had been tolled by the continuance. Consequently, he denied Crane's motion to dismiss, and he went on to state his basis for having granted the continuance.

After a relatively lengthy trial, the jury found Crane not guilty of tax evasion for the years of 1977 and 1978, but it found him guilty for 1979 and 1980. The jury was deadlocked on the obstructing justice and false declarations counts. On November 21, 1984, the judge sentenced Crane on the two counts for which he was convicted.

## II.

The Speedy Trial Act requires that a defendant's trial be commenced within seventy days of the filing date of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). Although one of the Speedy Trial Act's purposes is to protect criminal defendants' sixth amendment right to a speedy trial, Crane does not

argue that his sixth amendment right was violated. Crane argues simply that his trial did not commence within seventy days as required by the Act.

## A. *The June 22 Jury Impanelment*

 The Act's seventy-day period began on the date of arraignment and, as calculated under Rule 45 of the Federal Rules of Civil Procedure, expired on June 22, 1984. The government argues that the trial did commence on June 22 when the magistrate began voir dire (over Crane's objection). For purposes of the Act, a trial commences when voir dire begins. *United States v. Gonzalez,* 671 F.2d 441 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). However, a trial court may not evade the Act by beginning voir dire within the seventy-day limit and then entering a long recess before the jury is sworn in and the rest of the trial goes forward.

 In *Gonzalez, supra,* the trial court had conducted voir dire on the last day of the seventy-day period and had continued the rest of the trial until eleven days later. The Eleventh Circuit, relying on the fact that the trial court had offered to continue the trial to the Monday following voir dire but that both parties had preferred to delay the trial in order to avoid interrupting what was to be a relatively short trial, held that the Act had not been violated. The court issued this warning:

> We caution that our decision not be viewed as a license to evade the Act's spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun. The district courts must adhere to both the letter and spirit of the Act, and we will not hesitate to find that a trial has not actually "commenced" within the requisite time if we perceive an intent to merely pay the Act lip service.

*Gonzalez,* 671 F.2d at 444.

*United States v. Richmond,* 735 F.2d 208 (6th Cir.1984), dealt with a similar set of facts. Judge Peck, writing for the panel, stated that the trial court did not violate the Act when it commenced voir dire within the seventy-day period but then recessed the trial for two weeks, where the reason for the delay was that the defendant's counsel had asked for the time in order to prepare for trial.

In the case at bar, Crane's counsel had expressed no preference for the delay. In fact, he strongly objected to the procedure. We agree with Crane that this last-minute arrangement to have the Magistrate begin voir dire on June 22 was an attempt to evade the spirit of the Speedy Trial Act. Indeed, when the Judge returned to preside over the trial on July 5, 1984, he stated in reviewing past events that he had "arranged for the Magistrate to impanel a jury in an inappropriate effort to begin the trial within the 70 days...." He continued:

> Obviously, the decision on whether or not there had been a violation of the Speedy Trial Act is being made on the appropriateness of the recess granted earlier that day, rather than on the fact that the jury was impaneled on June 22.
>
> ....
>
> I want to make clear again that in denying the Motion to Dismiss, I am not considering the jury impanelment on June 22, 1984 as the beginning of trial. Compliance or non-compliance with the standard stands or fails on my putting over the trial from June 20 to July 5.

(App. pp. 67–69.) The District Court did not deny Crane's motion to dismiss because the judge determined that the trial had properly commenced on June 22 for purposes of the Act. Rather, the decision rested on the propriety of excluding the delay from June 20 to July 5 from the seventy-day period. We therefore turn to an examination of whether this period of delay may be excluded from the Act's seventy-day period.

## B. *Excludability of the Delay*

 The Act lists certain periods of delay that are to be excluded from the Act's time computations. 18 U.S.C. § 3161(h).

The list of delays has been held to be exhaustive. *United States v. Carrasquillo*, 667 F.2d 382, 388 (3d Cir.1981). The District Court denied Crane's motion to dismiss on the ground that the delay should be excluded under the "ends of justice" exclusion. 18 U.S.C. § 3161(h)(8). Under this exclusion, the trial judge must set forth in the record his reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

(h) The following periods of delay shall be excluded in computing the time within which ... the trial of any such offense must commence:

. . . .

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

### 1. *Sufficiency of the District Court's Findings*

Crane challenges the sufficiency of the District Court's reasons for finding that the ends of justice served by granting the continuance outweighed the interests of the public and the defendant in a speedy trial. The judge's reasons, as stated in the record on July 5, 1984, for finding that the delay in question was excludable were as follows:

1. Neither of the attorneys involved in the case was prepared for trial on June 20. The judge stated that even if he had been available, to have gone to trial at that time would have been a miscarriage of justice, a judicial disaster, and would have been likely to result in a subsequent claim of ineffective assistance of counsel should the defendant be convicted.

2. The judge was unavailable.

3. The complexity of the case necessitated additional time before trial.

4. Dismissal would have been judicially inefficient. The judge stated that based on the factors to be considered under section 3162(a), any dismissal ordered would have been without prejudice. Because the government had represented that it would have Crane reindicted, the judge concluded that dismissal would have been useless.

The Act specifies certain factors that a trial judge may consider, and some that he may not consider, in determining whether to grant an "ends of justice" continuance:

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or

so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(8)(B–C).

Crane points out that under section 3161(h)(8)(C) a continuance granted because of general congestion of the court's calendar or lack of diligent preparation by the government may not be excluded from the Act's seventy-day period.

■ The trial judge's unavailability was caused at least partially by his presiding over another case and was therefore attributable to "general congestion of the court's calendar." Thus, the judge's absence is not a proper reason for an ends of justice continuance. The judge did not make clear whether the government's unpreparedness was due to a lack of diligence, but he did find that neither party had made any attempt to comply with the court's standing orders concerning certain matters of pretrial preparation. This finding would seem to indicate a lack of diligent preparation on the part of the government. This being the case, section 3161(h)(8)(C) prohibits the government's lack of preparation from being a reason for granting an excludable continuance.

■ The lack of preparation by Crane's counsel, however, is not governed by section 3161(h)(8)(C). Defense counsel's unpreparedness, even if due to a lack of diligence, could be a valid reason for finding that the failure to grant the continuance would have resulted in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i).

Crane points out that on June 20 his counsel stated that he was ready to begin the trial. The District Court found such representations disingenuous. He noted that Crane's counsel had not complied with the court's standing orders. Also, the attorney for the government stated that on June 14, Crane's counsel had said off the record that he could not be prepared for trial by July 5 and would be seeking a continuance. Crane's counsel denies this and maintains that he was ready for trial on June 20. He argues that he had previously declined all discovery of the government's evidence. In essence, Crane is arguing that the judge's finding concerning his counsel's lack of preparation on June 20 is not supported by the record.

■ One weakness of the Speedy Trial Act is that it tempts defense counsel to "sandbag" the trial judge by claiming to be ready for trial (in order to assert the Act's sanction for an untimely trial) while not taking the steps necessary on counsel's part to help the case move toward trial. In the case at bar, however, we are unable to find evidence of "sandbagging" in the record. In argument before this Court, the attorney for the government pointed out that Crane's counsel had not complied with certain pretrial orders requiring him to submit lists of trial exhibits and witnesses to the District Court. We find no case authority that the failure to comply with housekeeping orders tolls the running of the Speedy Trial Act. A "miscarriage of justice" would not have resulted had the case gone to trial before these lists were submitted to the trial court.

■ The judge's next reason was that the complexity of the case required that the trial be continued in order to allow extra time for preparation. While the trial involved significant amounts of documentary evidence and many witnesses, the factual and legal questions involved were not novel. Moreover, as Crane points out, this trial was the result of a seven year investigation; the Government was not surprised or suddenly caught unaware of the com-

plexity of the case. The defendant wanted an immediate trial.

■ The judge's last reason for finding the delay excludable was that if he were to order dismissal it would be a dismissal without prejudice, and the government would simply have Crane reindicted; thus the dismissal would be a useless act. This is not a proper justification for excluding the period of delay. *United States v. Carey*, 746 F.2d 228, 230 (4th Cir.1984); *United States v. Janik*, 723 F.2d 537, 546 (7th Cir.1983).

### 2. *Basis for the Continuance*

■ The District Court did not characterize the delay as a "continuance" or enter his findings concerning the ends of justice exclusion until the end of the delay on July 5, 1984. While the presence of these findings in the record is essential, the judge need not have entered his findings at the time the continuance was granted. *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir.), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1982); *United States v. Clifford*, 664 F.2d 1090, 1095 (8th Cir. 1981); *United States v. Edwards*, 627 F.2d 460, 461 (D.C.Cir.1980).

■ Crane admits that the timing of the judge's entry of the findings was proper but argues that the findings entered in the record on July 5 were not the judge's basis for continuing the trial. Crane asserts that the reason that the trial was continued was that the judge was going to be out of the country and tied up with another case until July 5 and that the prosecution was unprepared to begin earlier. As support for his argument, Crane points out that if the judge had granted a continuance on June 20 based on his later findings that the ends of justice served by the continuance outweighed other interests, the judge would not have arranged later that same day to have the Magistrate perform an admittedly inappropriate "commencement" of the trial.

We believe that a fair reading of the record supports Crane's construction of the facts. It appears that the judge did not commence the trial before the seventy-day period expired because he was caught unaware and was going to be out of the country and occupied with another case until after the period expired. When the trial judge returned and ruled on Crane's motion to dismiss, the judge devised new reasons that he stated for the record in excluding the delay from the seventy-day period.

■ The Act required that the continuance be granted "on the basis of [the judge's] findings." 18 U.S.C. § 3161(h)(8)(A). The reasons stated by the judge in his findings must actually have been the factors motivating his decision to grant the continuance. In *United States v. Janik*, 723 F.2d at 544–45, Judge Posner recognized that under section 3161(h)(8) a trial judge need not enter his findings at the same time he grants the continuance, but the decision to grant the continuance must actually have been based on the reasons set out in the judge's findings. Judge Posner cautioned:

> If the judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act,
>
> . . . .
>
> A district judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable-delay continuance before the delay occurred.

*United States v. Richmond*, 735 F.2d 208, dealt with facts conceptually similar in this respect to the case at bar. The trial court had ordered a continuance but had not entered the findings required by section 3161(h)(8) until the court was faced with a motion to dismiss the case for violation of the Speedy Trial Act. The trial court then entered in the record findings

that the continuance satisfied the ends of justice exclusion. However, the Sixth Circuit panel held that the section 3161(h)(8) findings were required to have been the actual basis for the continuance. Judge Peck wrote:

> Based on our review of the record, we believe that the district court cannot fairly be said to have granted the continuance of the trial date ... based on the findings that it set forth in the ... order [denying the motion to dismiss]. Nowhere in either the December 8, 1982 order, which directed entry of the continuance, or the January 19, 1983 order, which denied Richmond's motion to dismiss the indictment, does the district court represent that it had made the requisite findings prior to granting the continuance ... [W]e conclude that the district court erred in excluding the time [of the continuance] from the computation of the seventy-day period under the "ends of justice" exception. Consequently, we conclude that the district court erred in denying Richmond's motion to dismiss the indictment.

*Richmond*, 735 F.2d at 216.

We hold that under *Richmond* Crane's conviction should be vacated because the period of delay in question was not a continuance granted on the basis of the District Court's findings as required by section 3161(h)(8)(A).[1]

### III.

Accordingly, this case is remanded to the District Court for a hearing and decision on whether the dismissal should be with or without prejudice.

In light of our disposition of Crane's Speedy Trial Act claim, we decline to reach his other assignments of error regarding the conduct of the trial.

---

1. We recognize the difficulty which the Speedy Trial Act creates for district judges and have no desire to make the life of a very able, diligent and effective federal trial judge like Judge Cohn even more difficult. On review we must, however, follow the law, even though in this instance its wisdom may be questionable. Congress has spoken on this issue, and there is no reasonable basis for finding that an exception is applicable. Commendably, Judge Cohn himself forthrightly recognized that the voir dire was an unacceptable method of escaping from the Congressional purpose expressed in the Act.