36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon A. THEURER, Defendant-Appellant.
 No. 93-3310.
 United States Court of Appeals, Seventh Circuit.
 Argued July 6, 1994.
Decided Aug. 11, 1994.
 
 Before BAUER, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On May 22, 1992, Sharon A. Theurer was arraigned on charges of theft of government money in violation of 18 U.S.C. Sec. 641 (Count 1 of the indictment), and making false statements to a government agency in violation of 18 U.S.C. Sec. 1001 (Count 2). She pleaded not guilty. At a pretrial hearing held on September 8, 1992, a question concerning her mental competence to stand trial was raised by her attorney. Both Theurer's attorney and the government sought to have Theurer's psychological state evaluated, albeit for different reasons. On October 14, 1992, the district court issued an order notifying the parties that an intradistrict transfer of the case was under consideration, "unless it appears that the time limit under the Speedy Trial Act, 18 U.S.C. Sec. 3161, will not expire." On November 20, 1992, the district court ordered Theurer to undergo an examination to establish whether she was competent to stand trial. The examination was performed in late January 1993, and a competency hearing was held on May 4, 1993. After finding Theurer to be competent, the district court proceeded with the selection of a jury on May 11, 1993. Theurer's two-day trial, beginning on June 8, 1993, resulted in a guilty verdict on Count 2. Following the trial, Theurer filed a motion for a new trial pursuant to Fed.R.Crim.P. 33. Among the errors alleged was a claim that her rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., (the "Act") had been violated. The district court denied the motion on the ground of untimeliness, without reaching the merits of her Speedy Trial claim. Theurer now appeals her conviction, asserting that the violation of her rights under the Act constituted plain error, Fed.R.Crim.P. 52(b), and that her attorney's failure to move for dismissal of the indictment on Speedy Trial grounds amounted to ineffective assistance of counsel. We affirm Theurer's conviction.
 
 I. BACKGROUND
 
 2
 On February 27, 1992, a federal grand jury charged Sharon A. Theurer in a two-count indictment with theft of government money and making false statements to a government agency. The charges stemmed from her receipt of unreported Social Security survivorship benefits at the same time that she was receiving assistance from the Illinois Department of Public Aid in the form of cash and food stamps. On May 22, 1992, Theurer was arraigned and pleaded not guilty. Trial was set to begin on July 7, 1992, and Theurer was released on a $10,000 personal recognizance bond.[1]
 
 
 3
 The trial did not, however, proceed as scheduled. Although the record does not establish why the trial did not begin on July 7, 1992, it is apparent that at some point the district court set a final pretrial conference for July 27, 1992.[2] On July 24, 1992, Theurer filed a motion for a continuance, which the district court granted. The court's order provided that the final pretrial conference would take place on August 24, 1992, and that trial would begin on September 1, 1992. The order further provided that the period between July 7, 1992, and September 1, 1992, was to be excluded from computation under the Speedy Trial Act, 18 U.S.C. Sec. 3161(h)(8).[3] In late August 1992, Theurer, joined by the government, filed a second motion to continue the trial date. The district court granted the motion, again in reliance on Sec. 3161(h)(8), and reset the trial for September 29, 1992.
 
 
 4
 On September 3, 1992, Theurer filed an ex parte motion seeking to obtain expert psychological services for the purpose of determining whether she was capable of understanding the public aid forms in which she had made the false statements alleged by the government. The district court granted her motion. On September 4, 1992, Theurer again moved the court to delay the commencement of trial. This motion was pending on September 8, 1992, when Theurer's counsel appeared at a final pretrial conference and informed the court that Theurer had been placed in the psychiatric ward of St. Mary's Hospital in Quincy, Illinois, over the weekend. Because Theurer had asked to be released from the hospital, and did not meet the criteria for civil commitment, she was discharged against medical advice on the day of the pretrial conference. She was, however, unable to be present at the conference. Counsel also informed the court that according to Theurer's mother, Theurer had been hospitalized for psychological problems approximately ten or twelve years ago, and had been diagnosed as schizophrenic at that time.[4] Counsel then asked the court to continue Theurer's trial pending the preparation of her discharge report from St. Mary's Hospital, and expressed concern that Theurer may not be competent to stand trial.[5] In light of these developments, the district judge ordered a psychiatric examination of Theurer to take place as soon as possible, and tentatively set a pretrial hearing for September 22, 1992.[6] The court also asked both parties to keep it apprised of the defendant's condition and ability to stand trial.[7] The final pretrial conference was in fact held on September 23, 1992, and the trial was scheduled to begin on October 1, 1992.
 
 
 5
 Several days before trial was to begin, the government filed a motion in limine pursuant to Fed.R.Crim.P. 12.2(b) to exclude from evidence any testimony relating to Theurer's mental disease or defect, or any other mental condition bearing on the issue of her guilt. In the alternative, the government requested a continuance of the trial date, and that it be allowed to conduct a psychological evaluation of the defendant. The district court denied the motion to exclude evidence of Theurer's mental condition, but allowed the government to have Theurer examined by its psychiatrist. In a subsequent motion, the government advised the court that it would be unable to secure the services of a psychiatrist to conduct the examination of Theurer before November 24, 1992, and requested that the trial commence after that date.[8] The district court held a hearing on the government's motion on October 2, 1992. At the hearing, Theurer's counsel indicated that he had no objection to the government's request for another continuance, provided that the government had the right to obtain a psychiatric examination of his client. Counsel pointed out that Theurer did not intend to raise a defense of insanity, and questioned whether the government was nevertheless entitled to have her examined.[9] The court observed that the issue of Theurer's mental state had first been raised by her attorney, and that the psychiatric examination requested by Theurer and allowed by the court might ultimately reveal that Theurer was incompetent to stand trial, or that she was entitled to raise an insanity defense.[10] The court accordingly granted the government's motion.[11] It did not, however, set a new trial date.
 
 
 6
 On October 14, 1992, the district court issued an order giving notice to the parties that the case was "subject to transfer to another judge and/or division within 20 days of the date set for jury trial, unless it appears that the time limit under the Speedy Trial Act, 18 U.S.C. Sec. 3161, will not expire." (R. at 39.) The record does not reveal any response from either the government or Theurer. On November 20, 1992, the court entered an order stating that upon consideration of the government's motion requesting a psychiatric examination of Theurer, the court had determined that there was reasonable cause to believe that Theurer was mentally incompetent to understand the proceedings against her or to assist in her own defense as provided under 18 U.S.C. Secs. 4241 and 4247. The court therefore ordered Theurer to undergo an examination within thirty days to establish her competency to stand trial.[12] On December 4, 1992, Theurer filed a motion to vacate the November 20, 1992 order on the grounds that neither she nor the government had ever alleged that Theurer might be mentally incompetent to stand trial, and that the government's basis for requesting a mental examination was simply to counter Theurer's claim that she had lacked the ability to form the requisite mens rea at the time of her offense.[13]
 
 
 7
 The district court did not rule on Theurer's December 4, 1992 motion until her competency hearing held five months later on May 4, 1993. At the hearing, the district judge reviewed a report submitted by Dr. Philipp E. Bornstein, a psychiatrist, as well as the report of Theurer's expert, R. Leon Jackson, a clinical psychologist. On the basis of the two reports, the court concluded that Theurer was competent to stand trial.[14] It then entered an order denying Theurer's December 4, 1992 motion as moot, and ordering jury selection to begin on May 11, 1993.[15] Although it is unclear when the court received Dr. Bornstein's report, the report itself states that Dr. Bornstein evaluated Theurer on January 26, 1993, at the Vine Street Clinic in Springfield, Illinois. The report was received by the government on February 5, 1993, and made part of the record on appeal by motion of the government.[16]
 
 
 8
 On May 11, 1993, the jury was selected and sworn. A two-day trial was held beginning on June 8, 1993. On June 10, 1993, the jury found Theurer guilty of making false statements to the government (Count 2). On June 14, 1993, Theurer filed a motion requesting an extension of time until August 3, 1993, to file a motion for a new trial pursuant to Fed.R.Crim.P. 33. The district court allowed the motion.[17] On July 7, 1993, Theurer moved for an extension of time until August 27, 1993, to file the new trial motion. The court granted this motion as well.[18]
 
 
 9
 On August 27, 1993, Theurer moved for a new trial, alleging numerous errors in the court's rulings on pretrial motions and the admissibility of evidence at trial. Theurer also alleged that the district court had failed to try her within seventy days of the filing date of the indictment, thus violating her rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161. In response, the government argued that Theurer's request for a second extension of time within which to file the new trial motion had been erroneously granted, and that her motion was therefore untimely. The district court agreed, denying Theurer's new trial motion on the ground of untimeliness without reaching the merits of her claims. While the new trial motion was pending, Theurer was sentenced to a total of three years of probation, including nine months of home confinement. She was also ordered to pay the Illinois Department of Public Aid $9,880 in restitution. This appeal followed.
 
 II. ANALYSIS
 
 10
 The Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., establishes the applicable time limits for commencing trial in criminal cases. United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985). Under the Act, a defendant who pleads guilty must be brought to trial within seventy days of the filing of the indictment, or from the date of the defendant's initial appearance before a judicial officer, whichever occurs later. United States v. Piasecki, 969 F.2d 494, 497 (7th Cir.1992); 18 U.S.C. Sec. 3161(c)(1). In calculating the number of days between arraignment and trial, certain periods are automatically excluded. Piasecki, 969 F.2d at 497; 18 U.S.C. Sec. 3161(h). Delays in bringing a defendant to trial resulting from a continuance granted by the district court on the basis of its finding that the ends of justice are thereby served, Sec. 3161(h)(8)(A), or due to the pendency of any pretrial motion, "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, [the] motion," Sec. 3161(h)(1)(F), are excluded from the computation. Henderson v. United States, 476 U.S. 321, 326-30 (1985). A period of delay resulting from "any proceeding, including any examinations, to determine the mental competency ... of the defendant" is also excluded. 18 U.S.C. Sec. 3161(h)(1)(A).
 
 
 11
 If the defendant is not brought to trial within the seventy-day period mandated by the Act, the district court is required to dismiss the indictment on the defendant's motion, with the defendant bearing the burden of proof that the seventy-day period has been exceeded. 18 U.S.C. Sec. 3162(a)(2). "Failure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." Id.; see United States v. Alvarez, 860 F.2d 801, 821-22 (7th Cir.1988), reinstated on rehr'g sub nom. United States v. Holguin, 868 F.2d 201 (7th Cir.), cert. denied, 490 U.S. 1051 (1989).
 
 
 12
 Although Theurer concedes that she did not move for dismissal of the indictment on Speedy Trial grounds, she nevertheless maintains that this court may review the district court's failure to schedule a timely trial for plain error pursuant to Fed.R.Crim.P. 52(b). She contends that the district court's order of October 14, 1992, in which it indicated that her case was subject to transfer unless it appeared that the time limit under the Speedy Trial Act would not expire, and the court's subsequent order of November 20, 1992, compelling Theurer to undergo a psychological examination, evince a deliberate attempt on the part of the district judge to manipulate the progress of her case in order to avoid the mandate of the Speedy Trial Act. The government contends that Theurer waived her right to trial within the seventy-day time limit by failing to move for dismissal under the Act. Relying on United States v. Baltrunas, 957 F.2d 491 (7th Cir.1992), the government further maintains that this court should decline to exercise its discretion under Rule 52(b) to review the proceedings in the district court for plain error because Theurer's claim is tainted by factual ambiguities which the district court did not have an opportunity to resolve in the first instance. See id. at 495.
 
 
 13
 In United States v. Olano, 113 S.Ct. 1770 (1993), the Supreme Court held that Rule 52(b) grants an appellate court the authority to correct "an 'error' that is 'plain' and that 'affects substantial rights.' " Id. at 1776. "The first limitation on appellate authority under Rule 52(b) is that there indeed be an 'error.' Deviation from a legal rule is 'error' unless the rule has been waived." Id. at 1777. "Waiver" is further defined as the "intentional relinquishment or abandonment of a known right." Id. (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)) (internal quotations omitted). "[I]f there has been a valid waiver, there is no 'error' for us to correct." United States v. Lakich, No. 92-4122, slip op. at 7 (7th Cir. May 6, 1994).
 
 
 14
 A mere failure to make a timely assertion of a right is not a waiver. Olano, 113 S.Ct. at 1777. Courts are, moreover, reluctant to presume waiver from silence, at least where significant constitutional rights such as the right to counsel or the right to trial by jury are concerned. Yet in this case, there is more than mere silence from which to infer waiver. Theurer's failure to move for dismissal under the Speedy Trial Act is perplexing, since the district court's October 14, 1992 order--whether or not it was entered in bad faith as Theurer now contends--essentially invited Theurer to file a Speedy Trial motion, or at least to consider the applicability of the Act's provisions to her case. Indeed, Theurer could not have been unaware of the provisions of the Speedy Trial Act, since the district court expressly invoked the Act when it granted Theurer's two motions for continuances. Furthermore, the Act itself provides unequivocally that "[f]ailure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. Sec. 3162(a)(2); see also United States v. Connor, 926 F.2d 81, 84 (1st Cir.1991) (the remedy of dismissal under the Act is not self-executing); Alvarez, 860 F.2d at 821-22 ("waiver" language of Sec. 3162(a)(2) is strictly construed) (collecting cases). Theurer insists, however, that because the district court deliberately sought to avoid the seventy-day deadline mandated by the Act, she is entitled to have the alleged Speedy Trial violation examined for plain error.
 
 
 15
 We need not decide whether Theurer's failure to move for dismissal constitutes waiver, and thus dooms her argument at the outset, for Theurer has not met her burden under Rule 52(b) of demonstrating that the district court's error was "plain," and that it "affect[ed] substantial rights." Olano, 113 S.Ct. at 1776. For an error to be "plain," it must be clear or obvious under current law. United States v. Davis, 15 F.3d 1393, 1407-08 (7th Cir.1994) (citing Olano, 113 S.Ct. at 1777); United States v. Rose, 12 F.3d 1414, 1422 (7th Cir.1994) (same). Moreover, an error does not usually affect substantial rights unless it is prejudicial. Davis, 15 F.3d at 1408; Rose, 12 F.3d at 1422. Rather than constituting a "clear" or "obvious" violation of the Speedy Trial Act, each of the four nonexcludable periods of delay alleged by Theurer is open to question. As to the first period, beginning one day Theurer's arraignment on May 22, 1992, and ending with the filing of her motion for a continuance on July 24, 1992, the record does not reveal why Theurer's trial did not commence on July 7, 1992, as originally scheduled. All that may be determined from the record is that in late July 1992, Theurer was not yet ready to proceed. Theurer's contention that the second period, from October 3, 1992, to November 19, 1992, is not excludable is simply incorrect. The record establishes that on October 2, 1992, the district court granted the government's motion for a continuance until November 24, 1992, in order to allow the government to examine Theurer for the purpose of determining whether she had been able to form the requisite mens rea of the offenses with which she was charged. At the hearing, Theurer's counsel indicated that he did not object to the continuance, provided the government had a right to request a psychological evaluation for that purpose. In response, the court asserted that on the basis of the record before it, Theurer may indeed be entitled to raise an insanity defense, and that the government was therefore within its rights in seeking to examine her. The district court's decision to grant the government's motion for a continuance easily survives a plain error review.
 
 
 16
 The third period of delay cited by Theurer, from November 20, 1992, until December 3, 1992, may be considered nonexcludable only if the district judge ordered Theurer to undergo competency testing for the sole purpose of circumventing the Speedy Trial Act. Cf. United States v. Tanner, 941 F.2d 574, 583 (7th Cir.1991) (continuances under Sec. 3161(h)(8) must be "validly granted and substantiated," and may not serve as retroactive justification for unauthorized delays), cert. denied, 112 S.Ct. 1190 (1992); United States v. Green, 779 F.2d 1313, 1321-22 (7th Cir.1985) ("[a]bsent any indication of willful delay or desire to circumvent ... the Act," a district judge's statements will be taken at face value); United States v. Moran, 998 F.2d 1368, 1372 (6th Cir.1993) (post-hoc rationalizations of periods of delay are not permitted). The record undermines Theurer's position that the district court ordered her to undergo competency testing for some illegitimate purpose. The transcript of the September 8, 1992 pretrial hearing unequivocally establishes that: (1) Theurer had been placed in the psychiatric ward of a local hospital over the preceding weekend, and had insisted on being released against her psychiatrist's advice; (2) Theurer's counsel advised the judge that Theurer's mother had informed him of an earlier hospitalization during which Theurer was diagnosed as schizophrenic; and (3) Theurer's counsel also advised the judge that it may not be prudent to proceed to trial without "a mental examination to see if this Defendant is competent to stand trial pursuant to 18 U.S.C. Section 4241." (Sept. 8, 1992 Hr'g Tr. at 6.) Even if, as Theurer insists, the district court's order of October 14, 1992, were to cast some doubt on the judge's motive in ordering the examination, the record as a whole provides ample evidence to support the exclusion of the third period of delay under 18 U.S.C. Sec. 3161(h)(1)(A), and thus to rebut Theurer's claim of plain error.
 
 
 17
 Finally, Theurer contends that the fourth period of delay extends from May 5, 1993, the day after the competency hearing, until June 8, 1993, the first day of trial. She maintains that this period does not end with the voir dire of the jury, held on May 11, 1993, because the delay between the voir dire and the presentation of evidence was unjustified. We first observe that the cases upon which Theurer relies to argue that the delay was unreasonable involved a longer delay between the impanelment of the jury and the commencement of trial. See United States v. Stayton, 791 F.2d 17, 18 (2d Cir.1986) (over twenty-three months); United States v. Fox, 788 F.2d 905, 908 (2d Cir.1986) (five months); see also United States v. Andrews, 790 F.2d 803, 808 (10th Cir.1986) (over two and one-half months while the defendant was incarcerated for inability to post bail), cert. denied, 481 U.S. 1018 (1987). Theurer also cites United States v. Crane, 776 F.2d 600 (6th Cir.1985), involving a thirteen-day delay between voir dire and trial, which took place for the purpose of avoiding dismissal of the indictment under the Speedy Trial Act. Id. at 602-03, 606. Theurer maintains that Crane supports her claim that the four-week delay between voir dire and the commencement of her trial was unjustified because the record suggests that in prior rulings, the court had manipulated the proceedings in order to stop the running of the Speedy Trial clock. The defendant in Crane, however, demonstrated that the impanelment of the jury took place nearly two weeks before the start of trial in order to deprive him of his right to a speedy trial under the Act, and that the district court therefore erred in denying his timely motion to dismiss. Id. By contrast, Theurer's bald assertion that the court delayed the start of her trial for the sole purpose of circumventing the Speedy Trial Act is not sufficient to establish plain error. See Olano, 113 S.Ct. at 1778; Rose, 12 F.3d at 1422.
 
 
 18
 We further observe that Theurer has not established that she was actually prejudiced by the delay of her trial. See Olano, 113 S.Ct. at 1778; Davis, 15 F.3d at 1408; Rose, 12 F.3d at 1422. Theurer does not suggest that the delay interfered with her ability to obtain the testimony of witnesses or to present evidence, or that it had any impact on the fairness of the trial. Theurer merely asserts that she should not have been required to stand trial at all, having been entitled to a dismissal with prejudice of the indictment against her. This determination, however, rests with the district court in the first instance. 18 U.S.C. Sec. 3162(a)(2). Moreover, Theurer has fallen far short of demonstrating that the district court's actions "seriously affect[ed] the fairness, integrity or public reputation" of the proceedings. Olano, 113 S.Ct. at 1779; see Davis, 15 F.3d at 1407. To the contrary, it appears to us that the district judge took careful note of Theurer's significant psychological problems, and acted well within his discretion in requiring her to undergo an examination to determine whether she was legally able to stand trial.
 
 
 19
 Theurer further argues that counsel was ineffective for failing to move the district court to dismiss the indictment under the Speedy Trial Act. We will resolve an ineffective assistance of counsel claim on direct appeal if the issue is clear-cut and the record is sufficiently developed to permit our review. United States v. Montgomery, No. 93-1279, slip op. at 5 (7th Cir. May 2, 1994); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir.1993) (same), cert. denied, 114 S.Ct. 1224 (1994). To succeed on her claim, Theurer must overcome the "strong presumption that counsel rendered reasonably effective assistance." United States v. Limehouse, 950 F.2d 501, 503 (7th Cir.1991) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)), cert. denied, 112 S.Ct. 1962 (1992). This requires Theurer to show both that counsel's performance was constitutionally deficient, and that his deficient performance prejudiced Theurer's defense and deprived her of a fair trial. See Montgomery, No. 93-1279, slip op. at 5 (citing Strickland, 466 U.S. at 687); Levine, 5 F.3d at 1108. As discussed above, Theurer has not demonstrated that her attorney's failure to file the motion to dismiss on Speedy Trial grounds had any adverse impact on the fairness of her trial. Because we conclude that Theurer has not met the prejudice prong of the Strickland test, we need not reach the issue of whether counsel's failure to file the motion was "outside the range of professionally competent assistance." Limehouse, 950 F.2d at 503 (quoting Strickland, 466 U.S. at 690).
 
 III. CONCLUSION
 
 20
 For the reasons set forth above, Theurer's conviction is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 (R. at 9.)
 
 
 [2]
 (R. at 11.)
 
 
 [3]
 (R. at 11.)
 
 
 [4]
 (Sept. 8, 1992 Hr'g Tr. at 3-5.)
 
 
 [5]
 (Sept. 8, 1992 Hr'g Tr. at 6-7.)
 
 
 [6]
 (Sept. 8, 1992 Hr'g Tr. at 11.)
 
 
 [7]
 (Sept. 8, 1992 Hr'g Tr. at 16.)
 
 
 [8]
 (R. at 30.)
 
 
 [9]
 (Oct. 2, 1992 Hr'g, Tr. at 11-12.)
 
 
 [10]
 (Oct. 2, 1992 Hr'g, Tr. at 12-14.)
 At the time of the hearing, the court did not have before it the psychological evaluation of Theurer prepared by R. Leon Jackson, a licensed clinical psychologist, at defense counsel's request. The record indicates that the report was filed with the court at some point on October 2, 1992. (R. at 38.)
 
 
 [11]
 (Oct. 2, 1992 Hr'g, Tr. at 14.)
 At the October 2, 1992 hearing, Theurer's motion to dismiss Count 1 of the indictment was also granted.
 
 
 [12]
 (R. at 40.)
 
 
 [13]
 (R. at 41.)
 
 
 [14]
 (May 4, 1993 Tr. at 3, 6-8.)
 
 
 [15]
 (R. at 43.)
 
 
 [16]
 (R. at 96.)
 
 
 [17]
 (R. at 59.)
 
 
 [18]
 (R. at 60.)