**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

OWEN ODMAN, a/k/a Star, a/k/a
Owen Oddman, a/k/a Charles
Llewelyn,
                    *Defendant-Appellant.*

No. 01-4618

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-96-53)

Submitted: July 31, 2002

Decided: September 25, 2002

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW,
P.A., Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr.,
United States Attorney, Thomas R. Ascik, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Owen Odman appeals his conviction of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and 1.5 kilograms of cocaine base (crack) from November 1994 to June 1996 in violation of 21 U.S.C. § 846 (2000), and the 360-month sentence imposed by the district court. For the reasons explained below, we affirm the conviction and sentence. We grant Odman's motion for leave to file a pro se supplemental brief, and deny his motion to require the government to respond to the supplemental brief.

Viewed in the light most favorable to the government, the evidence at trial established that Odman and fellow conspirator Eric Wheeler regularly bought kilograms quantities of cocaine powder in New York City and transported it to Shelby, North Carolina, using a number of couriers. Odman personally cooked the cocaine into crack in North Carolina, provided both cocaine and crack to lower-level distributors on credit, and employed other conspirators to collect money. After one of his couriers was arrested at Newark Airport in New Jersey in November 1995, Odman left Shelby for South Carolina, taking his girlfriend, Mary Potlow, with him, and eventually returned to his home in Jamaica. Odman maintained contact with Potlow, who stayed in Shelby, until after their child was born in April 1996.

Odman was indicted with the other conspirators in June 1996. He returned to the United States illegally in 1997, using an alias, and was arrested on drug charges in Florida in 2000. After his conviction and sentencing there, he was transported to North Carolina to be prosecuted for the instant offense. The government offered Odman a chance to plead guilty under the original 1996 indictment, which did not charge specific drug quantities, but plea negotiations broke down in January 2001, and the government then obtained a superseding

indictment which alleged drug quantities that would permit an enhanced sentence under 21 U.S.C. § 841(b) (2000). *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 2296 (2002). Nine members of the conspiracy testified against Odman at trial. Representing himself, Odman presented no evidence and was convicted. The district court determined at sentencing that Odman was a leader in the offense and was responsible for at least five kilograms of cocaine and 1.5 kilograms of crack. Odman's guideline range was 360 months to life. The court imposed a sentence of 360 months imprisonment.

On appeal, Odman challenges his conviction on a variety of grounds. He first makes two related claims: that the five-year statute of limitations expired as to him in November 2000 because he withdrew from the conspiracy in November 1995, and that the superseding indictment filed in January 2001 was thus filed outside the five-year statute of limitations. A defendant's participation in a conspiracy is presumed to end only when he withdraws from it by some affirmative action. *United States v. West*, 877 F.2d 281, 289 (4th Cir. 1989). To show withdrawal, the defendant must produce evidence that he "acted to defeat or disavow the purposes of the conspiracy," *id.*, or communicated to his co-conspirators that he had abandoned the enterprise and its goals. *United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996) (internal quotation and citation omitted). Odman produced no evidence that he ever repudiated the conspiracy. Therefore, we conclude that the superseding indictment was filed well within the five-year statute of limitations.

Relying on *Von Moltke v. Gillies*, 332 U.S. 708 (1948), Odman next contends that the district court erred in permitting him to represent himself without making an adequate inquiry to determine that his decision was knowing and intelligent. A defendant seeking to represent himself should be made aware of the dangers and disadvantages of self-representation, *Faretta v. California*, 422 U.S. 806, 835 (1975), and the record as a whole must demonstrate voluntary, knowing, and intelligent waiver. *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988). However, this Circuit now holds that no particular interrogation of the defendant is required, provided that the court warns the defendant of the dangers of self representation so that he

makes his choice with his eyes open. *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978) (citing cases). The record in this case establishes that the district court had ample reason to find that Odman's decision was knowing and intelligent. In addition, the court designated Odman's two attorneys as back-up counsel and they assisted him through the trial and at sentencing.

Odman asserts that the verdict form was defective because it did not ask the jury to determine the specific quantity of cocaine and crack attributable to him or whether he withdrew from the conspiracy in November 1995. We find no error. The verdict form required the jury to determine whether Odman was guilty of participation in a conspiracy involving the specific threshold amounts of cocaine or crack that justify an enhanced sentence under 21 U.S.C. § 841(b). The court instructed the jury that withdrawal is a defense to a charge of conspiracy if the defendant took some affirmative action indicating that he had repudiated the conspiracy or its goals. In convicting Odman, the jury demonstrated that it rejected his defense without any need for a special verdict form. Further, we find no constitutional defect in the original indictment.

Odman next maintains that he was tried in violation of the Speedy Trial Act, 18 U.S.C. § 3161-3174 (2000), which provides for trial within seventy days of indictment or initial appearance, whichever occurs later. The seventy-day clock begins to run on the day following the triggering event—here, Odman's initial appearance on November 6, 2000—and the Act excludes from countable time certain delays for specific purposes. 18 U.S.C. § 3161(h); *United States v. Osteen*, 254 F.3d 521, 525 (4th Cir. 2001). All time between the filing of any pretrial motion and the "conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. 18 U.S.C. § 3161(h)(1)(F). The Act also excludes any period for which the case is continued by the judge on his own motion or at the request of either party, if the continuance is granted because the judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

If no time were excluded, the seventy-day period in Odman's case would have expired on January 15, 2001. In an order entered January

23, 2001, denying Odman's motion to dismiss for violation of the Speedy Trial Act, the district court noted that jury selection took place on January 11, 2001, which was within the seventy-day period. For purposes of the Speedy Trial Act, trial begins when jury voir dire takes place. *Osteen*, 254 F.3d at 525. The court also held that the time between January 11, 2001, and January 22, 2001, was excludable because the court had directed the parties to select the jury and then continued the trial to January 22 "to provide the defense counsel with an additional opportunity to review the Government's open file and to allow the Government time to transport prisoner witnesses." The court added that it had continued the trial to January 22 because "the ends of justice served by setting that date outweighed the best interests of the Defendant and the public to a speedy trial," citing *United States v. Carey*, 746 F.2d 228, 230 n.2 (4th Cir. 1984) (order granting continuance for valid reason excludes time it encompasses, whether or not order sets out reasons, so long as court subsequently articulates reasons).

Delay resulting from a continuance requested by a party is not excludable unless the district court grants the order after balancing the ends of justice served by the continuance and the best interests of the public in a speedy trial, as required by § 3161(h)(8)(A), and this mandatory balancing is conducted at the same time as the grant of a continuance. *United States v. Keith*, 42 F.3d 234, 238 (4th Cir. 1994). A later order that performs the necessary balancing does not meet the technical procedural requirements of the Act. *Id.* Therefore, in Odman's case, the district court's January 23 order explaining the reasons for the oral, off-the-record continuance granted on January 8 or January 11 does not comply with the Act. However, a defendant who requests or agrees to a continuance may not subsequently assert a violation of the Act based on the period of time covered by the continuance if "the reasons for the granting of that motion as garnered from the record are sufficient to support a finding that the ends of justice would be met by granting the motion. . . ." *Id.* at 240.

Although the record does not contain an order of the district court performing the required balancing at the time the continuance was granted, it is clear from the record that a continuance to January 22 was granted, that the defendant agreed to it, and that the ends of justice were met by granting a continuance because plea negotiations had

recently been broken off, defense counsel wanted time to review the government's files before trial, and the government needed time to assemble its witnesses. In these circumstances, Odman cannot assert a violation of the Speedy Trial Act, and his trial thus began within the seventy-day period.

Odman contends that the district court cannot evade the time limits of the Act by selecting a jury within the seventy-day period and then continuing trial to a date outside the period. He relies on *United States v. Crane*, 776 F.2d 600 (6th Cir. 1985), in which the defendant's conviction was vacated because the district court judge, who was unavailable for trial at the end of the seventy-day period, instructed a magistrate judge to begin voir dire on the seventieth day, then recess until a later date. *Crane* is distinguishable because neither party requested a continuance in that case and the district court's reasons for continuing trial did not meet the "ends of justice" test. *Crane*, 776 F.2d at 604-07.

Odman makes the following additional challenges to the court's denial of a dismissal based on violation of the Act. First, because his transportation from Florida to North Carolina took twenty days while the Act permits only ten days, he claims that the seventy-day period should have expired on January 5, 2001. Under § 3161(h)(1)(H), delay resulting from transportation of a defendant from another district is excludable, but any time in excess of ten days is deemed unreasonable. However, Odman was transported to North Carolina before he was arraigned on the instant charge. Thus, the seventy-day period had not begun to run and the length of time it took to transport him is not relevant. Second, Odman claims error in the fact that no jury voir dire was conducted on the superseding indictment, but provides no authority to support his view that the filing of a superseding indictment required selection of a new jury. Third, Odman asserts that there is no reason in the record for continuing trial from January 11, 2001, to January 22, 2001. However, defense counsel agreed with the reason given orally by district court on January 19. Last, Odman argues that no time should be excluded for his motions to continue because district court did not grant his motions. As discussed above, the district court granted at least one continuance, the time was excludable, and as a result his trial began within the seventy-day period.

We find no error in the district court's determination that Odman was a leader in the offense and was responsible for the full amount of cocaine and crack charged in the indictment, or that three criminal history points were properly awarded for his previously-imposed Florida sentence.

Odman argues that the district court erred in striking, on its own motion, a paragraph initially included in the superseding indictment, which alleged that Odman committed the charged conspiracy after his 2000 Florida drug conviction was final. This incorrect allegation had no bearing on the charge against Odman. Although Rule 7(d) of the Federal Rules of Criminal Procedure provides that the district court may strike surplusage from an indictment on the defendant's motion, Odman was conducting his own defense and was by his own admission unlearned in the law. Due process is not offended when an amendment "drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it . . . ." *United States v. Miller*, 471 U.S. 130, 144 (1985); *see also United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir. 1990) (matters of form that do not alter an essential element to the prejudice of a defendant may be corrected by amendment). Even if the court committed plain error in striking that paragraph on its own motion, we conclude that it is error that did not affect Odman's substantial rights. *Olano*, 507 U.S. at 732-37.

Odman also maintains that it was improper for the government to delete the paragraph by apparently making a copy of the indictment which did not show that paragraph instead of resubmitting a revised indictment to the grand jury. We disagree. *See United States v. Wilner*, 523 F.2d 68, 72 (2d Cir. 1975) (while deleting irrelevant allegations from an indictment by making photostatic copy of indictment with deleted portion covered is not best method, it is not prejudicial error).

We have no difficulty in finding that the evidence was sufficient to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 857 (1996). Odman's contention that the government failed to comply with *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by not providing transcripts of its witnesses' prior testimony in the trials of his co-conspirators is without

merit because "the *Brady* rule does not apply if the evidence in question is available to the defendant from other sources." *United States v. Brothers Constr. Co,*, 219 F.3d 300, 316 (4th Cir.), *cert. denied*, 121 S. Ct. 628 (2000) (quoting *United States v. Wilson*, 901 F.2d 378, 380 (4th Cir. 1990)). Trial transcripts are public documents. *United States v. Chanthadara*, 230 F.3d 1237, 1254 (10th Cir. 2000) (listing cases).

We have considered the claims of prosecutorial misconduct and violation of the Vienna Convention that Odman raises in his pro se supplemental brief, and find no merit in them.

We therefore affirm the conviction and sentence. We grant Odman's motion for leave to file a pro se supplemental brief, and deny his motion to require the government to respond to the supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*